James F. Sullivan (JS 3099)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T: (212) 374-0009
F: (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

PETER CREHAN,
*on behalf of himself and similarly situated individuals*,

                                                      Case No.

                        Plaintiff,        **COMPLAINT**
        -against-

GARRYMORE RESTAURANT INC. d/b/a NILES and
CORNELIUS O'REILLY
                              Defendants.
_____

      Plaintiff, PETER CREHAN, on behalf of himself and similarly situated individuals, by and through his undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, GARRYMORE RESTAURANT INC. d/b/a NILES and CORNELIUS O'REILLY (collectively, "the Defendants"), and state as follows:

### **INTRODUCTION**

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), he and similarly situated individuals are entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate for all work hours over forty (40) hours in a work week; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he and similarly situated individuals are entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime wage rate for all work hours over forty (40) hours in a work week; (3) spread of hours pay; (4) liquidated damages; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Queens County, New York.

6. Upon information and belief, Defendant, GARRYMORE RESTAURANT INC. d/b/a NILES is a domestic business corporation employing over fifteen (15) individuals, organized and existing under the laws of the State of New York, with a place of business located at 371 7th Avenue New York, New York 10001.

7. Upon information and belief, Defendant, CORNELIUS O'REILLY, is an owner, officer, director, and/or managing agent of GARRYMORE RESTAURANT INC. d/b/a NILES who maintains a business address of 371 7th Ave New York New York 10001, and who participated in the day-to-day operations of GARRYMORE RESTAURANT INC. d/b/a NILES and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as

   NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with GARRYMORE RESTAURANT INC. d/b/a NILES.

8. At all relevant times, GARRYMORE RESTAURANT INC. d/b/a NILES was and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, the work performed by Plaintiff and similarly situated individuals was directly essential to the business operated by GARRYMORE RESTAURANT INC. d/b/a NILES.

10. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated individuals a wage at the minimum wage rate and a wage at the overtime wage rate for all hours worked over forty (40) hours in a work week in contravention of the FLSA and NYLL.

## STATEMENT OF FACTS

11. Plaintiff worked for the Defendants as a bartender from 1998 until March 13, 2020.

12. Plaintiff regularly worked forty-four (44) to fifty (50) hours a week, 5:00 p.m. to 4:00 a.m. Tuesday through Friday until March 13, 2020.

13. Plaintiff was not paid at the minimum wage rate and was not paid the overtime rate for all hours worked over forty (40) in a work week during his employment with Defendants.

14. Plaintiff was paid $7.50 per hour in 2016.

15. Plaintiff was paid $7.50 per hour in 2017.

16. Plaintiff was paid $8.65 per hour in 2018.

17. Plaintiff was paid $10.00 per hour in 2019 and 2020.

18. For instance, during the week of December 30, 2019 to January 5, 2020, Plaintiff worked 46 hours. Defendant only paid Plaintiff $440.00 for the week of December 30, 2019 to January

5, 2020. Plaintiff should have been paid $795.00 for all hours worked, including the overtime premium for hours worked over forty (40) hours in that work week.

19. Plaintiff's employment was terminated on March 13, 2020.

20. Defendant, CORNELIUS O'REILLY, is an individual who, upon information and belief, owns the stock of GARRYMORE RESTAURANT INC. d/b/a NILES and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

21. Defendant, CORNELIUS O'REILLY, exercised control over the terms and conditions of Plaintiff and similarly situated individuals' employment, in that he has and had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

22. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and similarly situated individuals a wage at the minimum wage rate and overtime wages for the total hours worked over forty (40) hours in a work week, in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

23. Defendants failed to pay the Plaintiff and similarly situated individuals, the required extra hour of pay due to Plaintiff and similarly situated individuals for working over ten (10) hours in a work day as required by the NYLL and the supporting New York State Department of Labor Regulations.

24. For instance, on December 31, 2021, Plaintiff worked from 5 p.m. to 6 a.m.

25. Defendant failed to pay the required extra hour of pay due to Plaintiff for working over ten (10) hours in a day.

26. Plaintiff and similarly situated individuals have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

### [Violation of the Fair Labor Standards Act]

27. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "26" of this Complaint as if fully set forth herein.

28. At all relevant times, Defendants employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.00.

30. Plaintiff and similarly situated individuals were and continue to be entitled to be paid wages at the minimum wage rate for all hours worked and overtime wages for all hours worked over forty (40) hours in a work week as provided for in the FLSA.

31. Defendants failed to pay Plaintiff and similarly situated individuals wages at the minimum wage rate for all hours worked and overtime wages for all hours worked over forty (40) hours in a work week as provided for in the FLSA.

32. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals wages at the minimum wage rate and overtime wages for all hours worked over forty (40) hours in a work week, which

violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

33. Defendants knowingly and willfully disregarded the provision of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals at the minimum wage rate and overtime wage rate, when they knew or should have known such was due and that non-payment of wages and non-payment of overtime wages would financially injure Plaintiff and similarly situated individuals.

34. Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals are in the possession and custody of the Defendants. Plaintiff and similarly situated individuals intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amounts due.

35. Defendants failed to properly disclose or apprise Plaintiff and similarly situated individuals of their rights under the FLSA.

36. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages pursuant to the FLSA.

37. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and similarly situated individuals suffered damages, in an amount not presently ascertainable, of unpaid wages, unpaid overtime wages, an equal amount as liquidated damages, and prejudgment interest thereon.

38. Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

39. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff and similarly situated individuals.

41. Defendants, pursuant to their policies and practices, refused and failed to pay a wage at the minimum wage rate for all hours worked, overtime wages for all hours worked over forty (40) hours in a work week and did not pay the required extra hour of pay due for working over ten (10) hours in a work day to Plaintiff and similarly situated individuals.

42. By failing to compensate Plaintiff and similarly situated individuals wages for all hours worked at the minimum wage rate, overtime wages for all hours worked over forty (40) hours in a work week and the required extra hour of pay due for working over ten (10) hours in a work day, Defendant violated Plaintiff's and similarly situated individuals' statutory rights under the NYLL.

43. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

44. Therefore, Defendants knowingly and willfully violated Plaintiff's and similarly situated individuals' rights by failing to pay Plaintiff and similarly situated individuals wages for all hours worked at the minimum wage rate, an overtime wage for all hours worked over forty (40) hours in a work week and the required extra hour of pay due for working over ten (10) hours in a work day.

45. Due to the Defendants' NYLL violations, Plaintiff and similarly situated individuals are entitled to recover from Defendants their unpaid wages and unpaid overtime wages for all hours worked over forty (40) in a work week and the required extra hour of pay due for working over ten (10) hours in a work day, reasonable attorney's fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff and similarly situated individuals also seek liquidated damages pursuant to NYLL § 663(1).

### COUNT 3

### [Violation of NYLL § 195(1)]

46. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

48. Defendants have willfully failed to supply Plaintiff and similarly situated individuals with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

49. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

50. Due to Defendants' willful violations of the NYLL, Article 6, § 195(1), Plaintiff and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each

day that Defendants failed to provide Plaintiff and similarly situated individuals with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6§198(1-b).

## COUNT 4

### [Violation of NYLL § 195(3)]

51. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "50" of this Complaint as if fully set forth herein.

52. Defendants have willfully failed to supply Plaintiff and similarly situated individuals with accurate wage statements, as required by NYLL, § 195(3).

53. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with accurate wage statements as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

54. Due to Defendants' willful violation of NYLL Article 6, §195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty ($250.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, PETER CREHAN, on behalf of himself and similarly situated individuals respectfully requests that this Court grant the following relief:

(a)     An award of unpaid wages at the minimum wage rate and unpaid overtime wages for all hours worked over forty (40) hours in a work week due under the FLSA;

(b) An award of liquidated damages as a result of Defendants' failure to pay wages for all hours worked and overtime wages pursuant to 29 U.S.C. § 216;

(c) An award of unpaid wages at the minimum wage rate and at the overtime wage rate for all hours worked over forty (40) hours in a work week and the required extra hour of pay due for working over ten (10) hours in a work day pursuant to the NYLL;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages for all hours worked at the minimum wage rate, wages at the overtime wage rate for all hours worked over forty (40) hours in a work week, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
December 22, 2021

Respectfully submitted,

By: *James F. Sullivan*
James F. Sullivan
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T: (212) 374-0009
F: (212) 374-9931
jsullivan@jfslaw.net
*Attorneys for Plaintiff*