UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PETER CREHAN, *on behalf of himself and similarly situated individuals*,

                Plaintiff,

-against-

GARRYMORE RESTAURANT INC., d/b/a NILES and CORNELIUS O'REILLY,

                Defendants.
------------------------------------------------------------X

Case No.: 21-CV-11013 (MKV)

**SETTLEMENT AND RELEASE OF CLAIMS AGREEMENT**

This Settlement and Release of Claims Agreement ("**Agreement**") is entered into by and between plaintiff PETER CREHAN (the "**Plaintiff**") and defendants GARRYMORE RESTAURANT INC., d/b/a NILES and CORNELIUS O'REILLY (collectively the "**Defendants**") (Plaintiff and Defendants are collectively referred to as "**Parties**" and each party a "**Party**").

WHEREAS, on or about December 22, 2021, Plaintiff initiated a legal action against Defendants in the United States District Court for the Southern District of New York (the "**Court**"), entitled *Peter Crehan v. Garrymore Restaurant Inc. d/b/a Niles and Cornelius O'Reilly*, Case No.: 21-CV-11013 (MKV) (the "**Action**"), in which Plaintiff alleged violations of the Fair Labor Standards Act ("**FLSA**") and the New York Labor Law ("**NYLL**"); and,

WHEREAS, Defendants have denied every allegation of wrongdoing contained in the Action and in any other papers filed or served by or on behalf of Plaintiff in this matter or before any court or administrative agency.

WHEREAS, the Court has made no findings as to the merits of the Action.

WHEREAS, the Parties desire to resolve the Action without further litigation or adjudication.

NOW, THEREFORE, in consideration of the promises and obligations set forth in this Agreement, the Parties agree as follows:

1.     No Admission of Liability. Nothing in this Agreement shall be construed to be an admission by Defendants of any wrongdoing or noncompliance with any federal, state, or local rule, ordinance, constitution, statute, contract, public policy, wage and hour law, wage payment law, tort law, common law, or any other unlawful conduct, liability, wrongdoing, or breach of any duty whatsoever. Defendants specifically disclaim and deny any wrongdoing or liability to Plaintiff.

2. <u>Settlement Payment</u>.

(a) As a full settlement and final satisfaction of the FLSA and the NYLL claims that Plaintiff has, had, or may have against Defendants, and in consideration for the agreements and obligations set forth herein, including, but not limited to, the limited release set forth in Paragraph 3 below, Defendants agree to pay Plaintiff the total sum of Seventy Thousand Dollars and Zero Cents ($70,000.00) ("Settlement Amount") upon the Court granting Plaintiffs' Motion For Settlement Approval of a Fair Labor Standards Act Case ("Motion for Settlement Approval") as follows:

(i) Beginning six (6) months after the Court grants the Motion for Settlement Approval, and continuing for an additional five (5) consecutive months thereafter (for a total of six (6) monthly payments), on the first day of each such month Defendants shall make a payment to Plaintiff in the amount of Eleven Thousand Six-Hundred Sixty-Six Dollars and Sixty-Seven Cents ($11,666.67) (the "Installment Payments" and each monthly installment payment an "Installment Payment"), as follows:

(A) a check made payable to "PETER CREHAN" in the amount of Three Thousand Eight Hundred Eighty-Eight Dollars and Eighty-Nine Cents ($3,888.89), less all applicable federal, state, and local taxes and other withholdings, representing payment of alleged unpaid wages to be paid to Plaintiff. Defendants shall issue a Form W-2 to Plaintiff for this amount.

(B) A check made payable to "PETER CREHAN" in the amount of Three Thousand Eight Hundred Eighty-Eight Dollars and Eighty-Nine Cents ($3,888.89), representing payment of alleged liquidated damages, punitive damages, and statutory interest to be paid to Plaintiff. Defendants shall issue a Form 1099-MISC to Plaintiff for this amount.

(C) a check made payable to "Law Office of James F. Sullivan, P.C." in the amount of Three Thousand Eight Hundred Eighty-Eight Dollars and Eighty-Nine Cents ($3,888.89), representing attorneys' fees and disbursements to be paid directly to Plaintiff's counsel. Defendants shall issue a Form 1099-MISC to Plaintiff's counsel for this amount.

(b) The Installment Payments outlined in Section 2(a) above shall be delivered to Law Office of James F. Sullivan, P.C., Attn: James F. Sullivan, Esq., 52 Duane Street, 7th Floor, New York, New York 10007.

(c) Plaintiff agrees and acknowledges that he has not received any tax advice or representations regarding the tax consequences of any payments or amounts received by him pursuant to this Agreement, other than to seek advice from a tax professional, from any party or attorney appearing in this Action. Plaintiff and Defendant agree that

each side is responsible for their respective payment of any tax liability for payment made pursuant to the 1099 portion of this settlement. If either side is compelled to make any payments on behalf of the other due to the 1099 payment, the non-paying party agrees to make the paying party whole for the amount paid upon the non-paying party's behalf.

3. <u>Affidavit of Confession of Judgment & Default.</u>

(a) Prior to the filing of Plaintiff's Motion for Settlement Approval, CORNELIUS O'REILLY shall execute an Affidavit of Confession of Judgment on behalf of himself and GARRYMORE RESTAURANT INC., d/b/a NILES for the total amount of Seventy Thousand Dollars and Zero Cents ($70,000.00) less any payments made by Defendants pursuant to this Agreement, in the form attached hereto as Exhibit "A". Contemporaneously with Defendants' execution of this Agreement, Defendants shall provide Plaintiff's counsel with said executed Affidavit of Confession of Judgement bearing original signature, which shall be held in escrow by Plaintiff's counsel.

(b) In the event Defendants are in default of any of the payments required under Section 2 of this Agreement, Plaintiff's counsel shall provide written notice via email to Defendants' counsel of their intent to file the Affidavit of Confession of Judgment. Defendants will have ten (10) calendar days to remedy their default before Plaintiff files the Affidavit of Confession of Judgment. Upon complete satisfaction of all payments set forth in Section 2 of this Agreement, the Affidavit of Confession of Judgement will be deemed null and void, and Plaintiff's counsel will return or destroy (and shall confirm such destruction by email) the original Affidavit of Confession of Judgment to Defendants' counsel, and retain no copies of same.

4. <u>Release of All Fair Labor Standards Act and New York Labor Law Related Claims.</u> Plaintiff understands and agree that the Settlement Amount is in full satisfaction of any and all obligations Defendants may have with respect to Plaintiff's claims for alleged unpaid overtime wages, liquidated damages, statutory penalties, interest, and attorneys' fees and disbursements under the wage and hour provisions of the NYLL, the FLSA, and any other applicable wage and hour payment laws, rules, or regulations for anything that has occurred up to the date Plaintiff executes this Agreement. Plaintiff hereby completely releases all wage and hour claims against Defendants and releases and forever discharges Defendants with prejudice to the fullest extent permitted by law from all actions, claims, and/or causes of action which Plaintiff, Plaintiff's heirs, executors, administrators, successors, and/or assigns may now have or hereafter can, shall, or may have against Defendants from the beginning of time up to and including the day of the date of this Agreement for any alleged violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the NYLL, and their respective governing regulations.

5. <u>Third-Party Beneficiary.</u> Defendants agree and acknowledge that the Law Office of James F. Sullivan, P.C. is an Intended Third-Party Beneficiary of this Agreement and is entitled to the rights and benefits of that portion of the Settlement Amount allocated to Law Office of James F. Sullivan, P.C. in Section 2 above, and may enforce the provisions of this Agreement as if it were a party hereto. If Defendants breach Section 2 above as it pertains to that portion of the Settlement Amount allocated to Law Office of James F. Sullivan, P.C., as

determined by a Court of competent jurisdiction, Law Office of James F. Sullivan, P.C. will be entitled to seek that portion of the Settlement Amount allocated to it as described therein and shall be entitled to reasonable attorneys' fees and costs incurred in enforcing its rights under this Agreement, provided that Law Office of James F. Sullivan, P.C. is a prevailing party.

6. <u>Breach</u>. If it is established that any Party breached or caused any breach of this Agreement, as determined by a court of competent jurisdiction, the non-breaching Party shall be entitled to proven damages and an award of reasonable attorneys' fees and costs incurred in enforcing his/her/its rights under this Agreement, provided that the non-breaching party is a prevailing party.

7. <u>Filing of Stipulation of Dismissal with Prejudice</u>. Defendants hereby authorize their counsel to execute a Stipulation of Dismissal with Prejudice on their behalf, which will be held in escrow by Plaintiff's counsel. Plaintiff hereby authorizes his counsel to counter-execute the Stipulation of Dismissal with Prejudice on his behalf and file it with the Court upon the Court granting Plaintiff's Motion for Settlement Approval. If the Court does not grant Plaintiff's Motion for Settlement Approval, Plaintiff's counsel shall be under no obligation to counter-execute or file the Stipulation of Dismissal with Prejudice.

8. <u>Waiver of Future Employment</u>. Plaintiff waives all rights and claims to reinstatement as an employee with Defendants and agrees that Plaintiff will not knowingly seek or accept future employment with Defendants. Plaintiff agrees that if Defendants decline to employ Plaintiff, they shall not be liable for any damages.

9. <u>Neutral References</u>. In response to a request for a reference, Defendants shall provide only Plaintiff's dates of employment and job title.

10. <u>Knowing and Voluntary Acknowledgment</u>. Plaintiff specifically agrees and acknowledges that:

    (a) Plaintiff has read this Agreement in its entirety and understands all of its terms;

    (b) by this Agreement, Plaintiff has been advised to consult with an attorney before executing this Agreement, and has consulted with such counsel as Plaintiff deemed necessary;

    (c) Plaintiff knowingly, freely, and voluntarily assents to all of its terms and conditions including, without limitation, the waiver, release, and covenants contained herein;

    (d) Plaintiff is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Plaintiff is otherwise entitled; and

    (e) Plaintiff is not waiving or releasing rights or claims that (1) may arise after Plaintiff executes this Agreement; and, (2) cannot by law be waived or released by this Agreement.

7761568.3

11. <u>Effective Date.</u> This Agreement shall become effective as of the date the Court grants Plaintiff's Motion for FLSA Approval. In the event the Court does not grant Plaintiff's Motion for FLSA Approval, this Agreement will be null and void.

12. <u>Successors and Assigns.</u> The corporate defendant Garrymore Restaurant Inc., d/b/a Niles may freely assign this Agreement at any time. This Agreement shall inure to the benefit of the corporate defendant Garrymore Restaurant Inc., d/b/a Niles and its successors and assigns. Plaintiff and individual defendant Cornelius O'Reilly shall not assign this Agreement in whole or in part. Any purported assignment by Plaintiff or individual defendant Cornelius O'Reilly shall be null and void from the initial date of the purported assignment.

13. <u>Governing Law, Jurisdiction, and Venue.</u> This Agreement and all matters arising out of or relating to this Agreement and Plaintiff's employment by Defendants, whether sounding in contract, tort, or statute, for all purposes shall be governed by and construed in accordance with the laws of New York (including its statutes of limitations) without regard to any conflicts of laws principles that would require the laws of any other jurisdiction to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall be brought only in any state or federal court located in the state of New York, County of Nassau. The Parties hereby irrevocably submit to the exclusive jurisdiction of these courts and waive the defense of inconvenient forum to the maintenance of any action or proceeding in such venue. The Parties expressly waive the right to a jury trial in any dispute, claim, or cause of action arising out of, or related to, this Agreement.

14. <u>Entire Agreement.</u> Unless specifically provided herein, this Agreement contains all of the understandings and representations between Defendants and Plaintiff relating to the subject matter hereof and supersedes all prior and contemporaneous understandings, discussions, agreements, representations, and warranties, both written and oral, regarding such subject matter.

15. <u>Modification and Waiver.</u> No provision of this Agreement may be amended or modified unless the amendment or modification is agreed to in writing and signed by Plaintiff and by Defendants. No waiver by any Party of any breach by any other party of any condition or provision of this Agreement to be performed by any other party shall be deemed a waiver of any other provision or condition, nor shall the failure of or delay by any Party in exercising any right, power, or privilege under this Agreement operate as a waiver to preclude any other or further exercise of any right, power, or privilege.

16. <u>Severability.</u> If any provision of this Agreement is found by a court of competent jurisdiction to be invalid, illegal, or unenforceable in any respect, or enforceable only if modified, such finding shall not affect the validity of the remainder of this Agreement, which shall remain in full force and effect and continue to be binding on the Parties.

The invalid, illegal, or unenforceable provisions shall be reformed by the Parties to the extent possible to be consistent with the other terms and intent of this Agreement; and, if such provisions cannot be so reformed, they shall not be deemed to be a part of this Agreement.

17. <u>Interpretation.</u> Captions and headings of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be

7761568.3

construed by reference to the caption or heading of any section or paragraph. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

18. <u>Counterparts</u>. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

19. <u>Facsimile, Email, and Electronic Signatures</u>. A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the parties hereby waive any objection to the contrary.

20. Acknowledgment of Full Understanding. PLAINTIFF ACKNOWLEDGES AND AGREES THAT PLAINTIFF HAS FULLY READ, UNDERSTANDS, AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. PLAINTIFF ACKNOWLEDGES AND AGREES THAT PLAINTIFF HAS HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF PLAINTIFF'S CHOICE BEFORE SIGNING THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES THAT PLAINTIFF'S SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM ANY AND ALL CLAIMS THAT CAN BE RELEASED AS A MATTER OF LAW.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**AGREED:**

_/s/ Peter Crehan_                                Dated: 10 | 19 | 2022
**PETER CREHAN**

_____                    Dated: _____
**GARRYMORE RESTAURANT INC.**
**d/b/a NILES**
By: Cornelius O'Reilly


_____                    Dated: _____
**CORNELIUS O'REILLY**

6

7761568.3

construed by reference to the caption or heading of any section or paragraph. Moreover, this Agreement shall not be construed against either Party as the author or drafter of the Agreement.

18. <u>Counterparts</u>. The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

19. <u>Facsimile, Email, and Electronic Signatures</u>. A facsimile or email copy of this Agreement will have the same force and effect as the original. The use of an electronic signature shall have the same validity and effect as the use of a signature affixed by hand, and the parties hereby waive any objection to the contrary.

20. <u>Acknowledgment of Full Understanding</u>. PLAINTIFF ACKNOWLEDGES AND AGREES THAT PLAINTIFF HAS FULLY READ, UNDERSTANDS, AND VOLUNTARILY ENTERS INTO THIS AGREEMENT. PLAINTIFF ACKNOWLEDGES AND AGREES THAT PLAINTIFF HAS HAD AN OPPORTUNITY TO ASK QUESTIONS AND CONSULT WITH AN ATTORNEY OF PLAINTIFF'S CHOICE BEFORE SIGNING THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES THAT PLAINTIFF'S SIGNATURE BELOW IS AN AGREEMENT TO RELEASE DEFENDANTS FROM ANY AND ALL CLAIMS THAT CAN BE RELEASED AS A MATTER OF LAW.

**IN WITNESS WHEREOF**, the Parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

**AGREED:**

_____  Dated: _____
**PETER CREHAN**

*/s/ Cornelius O'Reilly*  Dated: October 19th, 2022
**GARRYMORE RESTAURANT INC.**
d/b/a **NILES**
By: Cornelius O'Reilly

*/s/ Cornelius O'Reilly*  Dated: October 19th, 2022
**CORNELIUS O'REILLY**

6

7761568.3

# Exhibit A

7761568.3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PETER CREHAN, *on behalf of himself and similarly situated individuals*,
                      Plaintiff,

    -against-

GARRYMORE RESTAURANT INC., d/b/a NILES and CORNELIUS O'REILLY,
                      Defendants.
-------------------------------------------------------------X

Case No.: 21-CV-11013 (MKV)

**CONFESSION OF JUDGMENT**

CORNELIUS O'REILLY, being duly sworn, deposes and says:

1. I am the Individual Defendant named in the above-captioned action (the "Action").

2. I am a resident of the County of Suffolk, State of New York and reside at _28 Locust Avenue, Port Washington New York 11050_.

3. I am a principal and authorized agent of Defendant, GARRYMORE RESTAURANT INC., d/b/a NILES (hereinafter the "Niles"), named in the Action. Collectively, Finn Mac Cools and I are referred to herein as Defendants.

4. I am duly authorized to make this affidavit in support of the application of Plaintiff, PETER CREHAN (the "Plaintiff"), for the entry of a Judgment by Confession against me and Niles, jointly and severally, pursuant to the terms of a certain Settlement and Release of Claims Agreement between the Parties (the "Settlement Agreement").

5. I hereby authorize the entry of Judgment by Confession to be entered with the clerk of any court of competent jurisdiction located in the County of Nassau, State of New York, upon the occurrence of the following events: (i) a Default by Defendants in the timely payment of any portion of the Settlement Amount (defined below) to Plaintiff; (ii) service of a Notice of

8

7761568.3

Default pursuant to the Settlement Agreement; and, (iii) failure of Defendants to cure such Default within the ten-day Cure Period, as defined in the Settlement Agreement.

6. Upon the occurrence of the events set forth in Paragraph 5 above, I hereby confess judgment in favor of Plaintiff, including his heirs, executors, administrators, or assigns, and against Defendants, jointly and severally, for the sum of Seventy Thousand Dollars and Zero Cents ($70,000.00), less any payments made to date by Defendants pursuant to the Settlement Agreement entered into between the Parties in the Action.

7. This Judgment by Confession is for a debt justly due to Plaintiff arising out of the following facts:

   a. In or about October 2022, Defendants in the Action agreed to pay Plaintiff the total sum of Seventy Thousand Dollars and Zero Cents ($70,000.00) (the "Settlement Amount") in exchange for the dismissal of the Action, with prejudice, and the Parties thereto executed the Settlement Agreement;

   b. The Parties also agreed that in the event that Defendants failed to adhere to the payment schedule required in Paragraph 2 of the Settlement Agreement, upon the occurrence of a Default, and following Notice of Default and failure of Defendants to cure such Default within the Cure Period, as defined in the Settlement Agreement, Plaintiff would be entitled to enter a Judgment by Confession against Defendants, jointly and severally, in the amount of Seventy Thousand Dollars and Zero Cents ($70,000.00), less any payments made to date, as defined in the Settlement Agreement;

   c. Under the terms of the Settlement Agreement, CORNELIUS O'REILLY agreed to execute the instant Affidavit for Judgment by Confession on behalf of himself and GARRYMORE RESTAURANT INC., d/b/a NILES, to be held in escrow by Plaintiffs' attorneys, Law Office of James F. Sullivan, P.C.;

   d. Plaintiffs agreed that prior to entering any Judgment by Confession, Plaintiffs would serve a written Notice of Default on Defendants' counsel of record in the Action;

   e. Plaintiffs further agreed that such Notice of Default would provide Defendants ten (10) days to cure any such default and that Plaintiffs will

not be entitled to file the Affidavit of Judgment by Confession if Defendants cure the Default within said ten-day period.

8. In the event of such a Default and subsequent entry of Judgment by Confession, in addition to the confessed amount described in Paragraph 6, Defendants agree to pay and be indebted to Plaintiff for (i) reasonable attorneys' fees and costs incurred in entering and enforcing the Judgment; and, (ii) interest on the Judgment.

9. This Affidavit for Judgment by Confession is not for the purpose of securing Plaintiff against a contingent liability nor is it based upon a consumer credit transaction.

10. Entry of Judgment herein may be made upon the submission of an Affidavit by Plaintiff, or his counsel, stating that a Default has occurred under the terms of the Settlement Agreement, that Plaintiff has served a Notice of Default upon Defendants' counsel of record in the Action, and that Defendants have failed to cure the Default within the Cure Period, and properly setting forth the Judgment Amount, less any payments made.

Dated: October 19th, 2022, New York

_____
CORNELIUS O'REILLY, individually, and on behalf of GARRYMORE RESTAURANT INC., d/b/a NILES

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF Nassau    )

On October 19, 2022, before me personally came CORNELIUS O'REILLY, to me known, and known to me to be the individual described herein, and who executed the foregoing Affidavit for Judgment by Confession, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

DOUGLAS E. ROWE
Notary Public, State of New York
No. 4762050
Qualified in Nassau County
Commission Expires August 31, 20 26

10

7761568.3