# Law Offices of
# James F. Sullivan, P.C.

52 Duane Street, 7th Floor
New York, New York 10007
212-374-0009
(fax)212-374-9931

October 21, 2022

Judge Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> **Re:** *Peter Crehan v. Garrymore Restaurant, Inc. d/b/a Niles and Cornelius O'Reilly*
> **Case No.: 1:21-cv-11013 (MKV)(Settlement Approval)**

Dear Judge Vyskocil:

Plaintiff, Peter Crehan, ("Plaintiff"), and Defendants, Garrymore Restaurant, Inc. d/b/a Niles and Cornelius O'Reilly ("Defendants"), jointly request that Your Honor review and approve the settlement reached in this matter. A copy of the FLSA executed settlement agreement is annexed hereto as Exhibit "**1**".

## Litigation and Negotiation Process

Plaintiff worked for Defendants as a bartender since 1998. Plaintiff filed a Complaint on December 22, 2021, alleging that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay Plaintiff wages at the minimum wage rate for all hours worked, failing to pay Plaintiff at the overtime wage rate for all hours worked over forty (40) hours in a work week, failure to pay spread of hours pay, failing to provide Plaintiff with a wage notice pursuant to §195(1) of the NYLL, and failing to provide Plaintiff with accurate wage statements pursuant to §195(3).

On April 4, 2022 the parties participated in a Pretrial conference. The parties exchanged discovery demands and almost immediately began settlement discussions. The settlement negotiations were protracted. Defendants produced multiple financial documents evidencing the financial state of Defendants' establishment. Ultimately, the parties were successful in reaching a settlement.

The parties agreed to settle this matter for $70,000.00 payable in six (6) equal monthly installments which commence six (6) months after the Court approves the settlement agreement.

## CLAIMS AND DEFENSES

Plaintiff Peter Crehan was employed by the Defendants as a bartender at the Defendants' bar and restaurant since 1998 until March 13, 2020. Plaintiff Peter Crehan regularly worked forty-four (44) to fifty (50) hours per week. Plaintiff filed a complaint, alleging that Defendants failed to pay Plaintiff in accordance with the FLSA, 29 U.S.C. §§ 201 *et seq*. and the NYLL. Plaintiff also sought statutory damages based on Defendants' alleged failure to provide certain wage notices and earning statements that are required under the portion of the NYLL referred to as the Wage Theft Prevention Act.

During the course of negotiations, it became clear that there were contested factual and legal disputes. Defendants contended that Plaintiff worked less hours than claimed and would produce witnesses to testify to the number of hours worked by Plaintiff. Defendants also produced multiple documents during negotiations documenting Defendants' financial status. Defendants' business, following the prolonged shutdown of their business during the COVID-19 pandemic, is precarious at best. ***Defendant business bar and restaurant will be closing at the end of 2022.*** Further, Defendants are now involved in at least two (2) other FLSA lawsuits involving former employees making similar claims as the Plaintiff is here. If this matter proceeded to trial it would appear difficult for the Plaintiff to collect any judgment with the state of Defendants financial situation.

## DEFENDANTS' RESPONSE

In response to Plaintiff's allegations, Defendants denied each and every allegation and would have rebutted Plaintiff's claims with testimony from co-workers and contemporaneously produced documents as to the number days and hours worked by Plaintiff. Defendants maintained that their manner and method of wage payment to Plaintiff was statutorily compliant and that Plaintiff was at all time properly compensated for all hours worked. Defendants strongly believe that Plaintiff's claims with respect to the number of hours worked each week are not credible and would fail if this matter were to proceed through trial. With respect to the wage notice violation asserted by Plaintiff under NYLL §195(1), Defendants may rely on the affirmative defense set forth in NYLL §198(1-b) to defeat Plaintiff's claims. In an action brought under NYLL §198(1-b) to recover statutory damages for failure to provide a proper wage notice, an employer may avoid liability by showing that: (1) it made "complete and timely payment of all wages due" to the employee who was not provided notice; or (2) it "reasonably believed in good faith that it was not required to provide the employee with notice." NYLL §198(1-b). As Defendants believe they would succeed in demonstrating that Plaintiff was properly compensated for all time worked, Defendants would be able to rely on NYLL §198(1-b) to overcome any potential damages for a technical violation of the wage notice requirements under NYLL §195.

Even if Plaintiff were able to succeed on his claims, which Defendants dispute, it is unlikely that Plaintiff would be able to recover on any significant award of damages due to the failing financial health of the Defendants. The individual defendant, Cornelius O'Reilly, does not possess any assets that could be used to satisfy a large judgment. The corporate defendant,

Garrymore Restaurant, Inc. d/b/a Niles, is set to close its business within the next two (2) months as it was never able to financially recover from the adverse impact on business caused by the pandemic. Defendants provided financial records to Plaintiff demonstrating Defendants' assets and inability to pay. The settlement reached here between the Parties represents Plaintiff's best chance of a financial recovery on any his claims asserted.

## **SETTLEMENT AMOUNT**

All claims for this matter were resolved through agreement by the Parties in the amount of $70,000.00, payable by the Defendants. Plaintiff Peter Crehan will receive $46,666.66, and Law Offices of James F. Sullivan will receive $23,333.33 in attorneys' fees and expenses for prosecuting this matter.

From December 2015 to March of 2020, Plaintiff claimed that he worked forty-four (44) to fifty (50) hours per week, without being paid for all hours worked and the overtime premium for hours worked in excess of forty (40) hours in a work week. Therefore, Plaintiff's best case award would be unpaid wages at the overtime wage rate of $34,330.80; spread of hours pay $10,006.00; liquidated damages $44,336.80 and statutory damages in the amount of $10,000.00. Plaintiff's damages calculation is attached as Exhibit "**2**"

A total settlement of $70,000.00 is a fair and reasonable and reflects a compromise of Plaintiff's claim. The settlement resulted from an arms-length negotiation between experienced counsel, well versed in FLSA law and NYLL. At each step during negotiations Plaintiff demanded and received proof of Defendants' financial condition.

The settlement, payable as set forth in the annexed Settlement Agreements, provides the Plaintiff with recovery and does away with the uncertainty of protracted litigation, which could have ended in an uncollectable judgment. Further, settlement does away with the financial burdens of further litigation on the Parties and conserves judicial resources.

## **THE SETTLEMENT SHOULD BE APPROVED**

"Courts approve FLSA settlements when they are reached as a result of contested litigation to resolves bona fide disputes." *Johnson v. Brennan,* No. 10-cv-471, 2011 WL 4357376, at * 12 (S.D.N.Y. 2011) (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 135l n. 8 (11th Cir. 1982). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Id.*. Plaintiff's recovery – after attorney's fees – is clearly fair and reasonable. *See, e.g., Meigel v. Flowers of the World. NYC. Inc.,* No. 11, Civ. 465, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an accurate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); *Hernandez v. C-Penn Foods Inc.,* No. 11 Civ. 7410, 2011 U.S. Dist LEXIS 144978 at *2 (S.D.N.Y. 2011) ("[G]iven the disputed issues of fact relating to Plaintiff's wage claims and the fact that the settlement was reached pursuant to arms-length negotiations, the Court finds that the settlement agreed to in this action is fair and reasonable.").

Plaintiff's recollection of his hours is sufficient to prove the hours that he worked and the wages he received; however, his recollection is not binding on the fact finder. *See Gorman v. Consol. Edison Corp.,* 488 F.3d 586, 590 (2d Cir. 2007). Given Plaintiff's interest in the outcome of this matter, it is probable that the fact finder would apply some discount factor to his claimed hours.

Given the conflicting evidence, the fact that the settlement was negotiated at arms-length with experienced counsel, the settlement amount reflects a total recovery of unpaid wages and liquidated damages, and the speed of payment, it is respectfully requested that the Court approve the Parties' settlement agreement. *See Reyes v. Altamarea Group. LLC,* No. 10-cv-645I (RLE), 2011 WL 4599822 at *6 (S.D.N.Y. Aug. 16, 2011).

## ATTORNEYS' FEES

In accordance with Plaintiff's professional services-contingency fee agreement with Plaintiff's counsel, the settlement agreement provides that Plaintiff's counsel will receive $23,333.33 in attorney's fees and $402.00 in expenses for Plaintiff's claims. Pursuant to the retainer agreement, Plaintiff's counsel is to receive one third of any recovery and be reimbursed for all expenses incurred. To date, Plaintiff's counsel bore all costs of litigation and litigated a risky FLSA/NYLL case without compensation of any kind and the fee has been wholly contingent upon the result achieved. The retainer agreement with Plaintiff is attached as Exhibit "**3**"

Here the attorney fee, which is slightly less than one third, of the total settlement amount is consistent and commonly accepted contingency fee agreements in the Second Circuit in FLSA cases. *See Najera v. Royal Bedding Company, LLC,* No. 13-cv-1767, 2015 WL 3540719 (E.D.N.Y. June 3, 2015)*; Rangel v. Grand St. Meat & Produce Corp.,* No. 13-cv-3234 (E.D.N.Y. Sept. 19, 2013)

In this case, the attorney fee amount of $23,333.33 is greater than the lodestar amount of $5,040.00. Contemporaneous time records of work performed in relation to the case are attached hereto as Exhibit "**4**". A cross-check of contingency fees, the Courts routinely look to the lodestar method. *See Sakiko Fujiwara v. Sushi Yasuda Ltd.,* 58 F.Supp.3d 424 (S.D.N.Y. 2014). Although the lodestar multiplier is determinative only for a common fund settlement, Courts have considered it in individual settlements, and here it is in line with settlements approved in other cases in the District. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding fee that represented 5.23 multiplier of the lodestar calculation and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding the creating a disincentive to early settlement.") *Khait v. Whirlpool Corp*. 2010 WL 2025106, at *8 (E.D.N.Y. Jan 20, 2010) (awarding multiplier of 3.3 in wage and hour case). Here as in *Pinzon*, the parties here were able to resolve the case swiftly. Thus, conserving judicial resources and providing the Plaintiff with a substantial and speedy result. Here, the lodestar multiplier is 4.60, which is not out of character for cases in the Second Circuit. The Plaintiff and Plaintiff's counsel have a contingent fee agreement compensating Plaintiff's counsel one third of any settlement plus prepaid costs and expenses. Courts in this district routinely find 33 1/3% of the overall settlement, the one-third contingency fee arrangement, to be reasonable. *See Rangel.*

The amount of attorney's fees to which a party is entitled is based on the presumptively reasonable fee, sometimes called the lodestar. *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183, 189-90 (2d Cir. 2008). The presumptively reasonable fee is the product of the reasonable hours in the case and the reasonable hourly rate. *Millea v. Metro-N R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011).

> The reasonable hourly rate is determined by whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 (1984). However, the Court may adjust the hourly rate to account for other case-specific variables, *Arbor Hill*, 522 F.3d at 184, including the factors set forth in *Johnson v. Georgia Highway Express, Inc.*:
>
> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved or the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability of the case;' (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983) (citing *Johnson*, 488 F.2d 714, 717-19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 92-93 (1989); *see also Arbor Hill*, 522 F.3d at 186 n.3 (citing the *Johnson* factors).

But the Court need not make separate findings as to all twelve *Johnson* factors. *Lochren v. Cnty. of Suffolk*, 344 Fed. App'x 706, 709 (2d Cir. 2009).

Recent reasonable hourly rates awarded in similar cases range from $200 to $600 per hour for similar size firms. *See Rosendo v. Everbrighten Inc.*, No. 13 CV 7256, 2015 U.S. Dist. LEXIS 50323, at *23-24 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from a small firm specializing in wage and hour litigation over five other cases to be from $200 to $425 and awarding between $225 and $400); *Guallpa v. NY Pro Signs Inc.*, No. 11 CV 3133, 2014 U.S. Dist. LEXIS 77033, at *28-30 (S.D.N.Y. May 27, 2014) (finding rates for three attorneys from one small firm over three other wage and hour cases to be from $350 to $600 and awarding within the same range in wage and hour case).

Here, Plaintiff's attorney seeks an hourly rate of $400.00 for James F. Sullivan, Esq., an attorney and owner of the Law Offices of James F. Sullivan, P.C. ("JFS").  Mr. Sullivan is a 1996 graduate of St. John's University School of Law.  Mr. Sullivan is admitted to practice in New York (1997), New Jersey (1996), United State District Court, Southern District (2008) and Eastern District (2018) of New York.  Mr. Sullivan served as a Court Attorney in the Civil Court of the City of New York, Queens County from 1997 to 2000. He then joined the in-house law firm for a major insurance company, before starting his own firm in 2002.  Mr. Sullivan has tried numerous cases to verdict in jury trials in New York State Courts.  Mr. Sullivan has also tried

multiple bench trials and numerous arbitrations.  Mr. Sullivan has a practice that is primarily focused on litigation of personal injury cases, FLSA actions and insurance claims.

*   *   *   *

Based on the foregoing, the Parties jointly respectfully request the Court grant their motion for settlement approval in its entirety.

We thank the Court for its attention to this matter.

Respectfully,<br>
<u>*James F. Sullivan*</u><br>
James F. Sullivan, Esq.<br>
*Attorney for Plaintiff*<br>
<br>
<br>
*Desiree M. Gargano*<br>
Desiree M. Gargano<br>
*Attorney for Defendant*